**ARYA AZIZI, ESQ.**
**COHEN & MARZBAN**
**Law Corporation**
**16000 Ventura Boulevard, Suite 701**
**Encino, California  91436**
**Telephone: (818) 986-3332**
**Facsimile: (818) 986-5879**
**State Bar No.: 341163**

**File No.: 26114A&B**
**Attorneys for Plaintiffs**

(Space Below for Filing Stamp Only)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GINA LIZETTE MURILLO; JOSUE PENA,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; AND DOES 1 TO 100, INCLUSIVE, AND EACH OF THEM,<br><br>                    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **LIABILITY PURSUANT TO THE FEDERAL TORT CLAIMS ACT, 28 U.S.C. §§ 1346(b), and 2671 et seq.; CALIFORNIA GOVERNMENT CODE §§815.2, 815.4, 815.6, 820, 905 and 945, and VARIOUS CALIFORNIA STATUTES**<br>2. **NEGLIGENT HIRING, TRAINING and SUPERVISION**<br><br>**DEMAND FOR JURY TRIAL** |

COME NOW Plaintiffs, GINA LIZETTE MURILLO and JOSUE PENA, and allege as follows:

//

//

//

1

Complaint for Damages and Demand for Jury Trial

**JURISDICTION**

1.    This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq. and 1346(b), as hereinafter more fully appears.

**VENUE**

2.    Venue is proper in the Central District of California.  The motor vehicle accident giving rise to this complaint occurred on Balboa Boulevard, at or near Parthenia Street, City of Northridge, County of Los Angeles, State of California, which is within the present judicial district. Plaintiffs also resides within this judicial district.

**PARTIES**

3.    At all times herein mentioned Plaintiff, GINA LIZETTE MURILLO, is, and at all relevant times herein was, an individual residing in the County of Los Angeles, State of California.

4.    At all times herein mentioned Plaintiff, JOSUE PENA, is, and at all relevant times herein was, an individual residing in the County of Los Angeles, State of California.

5.    At all times herein mentioned, Defendant UNITED STATES OF AMERICA is and was a governmental agency, and Defendant UNITED STATES AIR FORCE is and was an agency of the Defendant UNITED STATES OF AMERICA.

6.    Plaintiffs are informed and believe and thereon allege that true names and capacities of Defendants referred to herein as Does 1 to 100, Inclusive, and each of them, are unknown to Plaintiffs at this time and Plaintiffs are informed and believe and thereon allege that they are in some way responsible for the damages incurred.  Plaintiffs will amend this Complaint to allege the true names and capacities when ascertained.

7.    Plaintiffs are informed and believe and thereon allege that at all material times each of the Defendants were the agents, implied agents, ostensible agents, managing agents, alter egos, servants, directors, managers, officers, hirees, independent

contractors, contractors, permitters, permittees, commissioners, representatives, principals, partners, owners, subsidiaries, parent companies, franchisors, franchisees, trustees, co-trustees, vendors, joint venturers, co-venturers, co-conspirators and/or employees of the co-defendants, and in doing the things herein alleged were acting in an agency, managerial, representative or employment capacity within the course and scope of their authority, whose acts and conduct herein alleged were with the permission and consent of the co-defendants. Each of the Defendants' actions and conduct were known to, authorized and ratified by the co-defendants. Plaintiffs are informed and believe and thereon allege that all the conduct by the individual Defendants, which was outside the scope of their authority, was known to, authorized and ratified by the co-defendants.

8.      Plaintiffs are informed and believe and thereon allege that each Defendant designated herein as a Doe was responsible, negligently, or in some other actionable manner, for the events and happenings referred to herein, which legally caused injury and damages to Plaintiffs, as hereinafter alleged.

## FACTUAL ALLEGATIONS

9.      Plaintiffs are informed and believe and based thereon allege that on or about May 15, 2023 (hereafter referred herein as the "Subject Date"), Plaintiff, GINA LIZETTE MURILLO, was in a motor vehicle that was stopped facing northbound on Balboa Boulevard, at or near Parthenia Street, City of Northridge, County of Los Angeles, State of California (hereafter referred herein as "Subject Location" or "Subject Area"); that on the Subject Date, Defendants, UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, Inclusive, and each of them, so carelessly and negligently owned, operated, entrusted, leased, repaired, serviced, modified, maintained and/or controlled a motor vehicle, a United States Air Force vehicle, a silver 2015 Ford F350 pickup truck (hereafter referred herein as "Defendants' vehicle" or "Subject Vehicle"), so as to cause it to travel at an unsafe speed, be distracted and/or not pay attention to the road or traffic and/or follow too close based on the

conditions of the road and traffic, and violently collide with and/or rear end Plaintiffs' vehicle, causing Plaintiffs' vehicle to collide into the vehicle ahead of Plaintiffs' vehicle, thereby causing severe injuries and damages to Plaintiff, GINA LIZETTE MURILLO.

10. As a direct and legal (proximate) cause of Defendants', UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, Inclusive, and each of their, negligent acts and/or omissions, as alleged herein above, Plaintiff, GINA LIZETTE MURILLO, suffered severe and permanent physical and bodily injuries, received medical treatment for her injuries and damages, and was treated for those injuries and damages by various health care providers, incurred medical, hospital, other related special economic damages, as well as past, present and future general damages for her pain, suffering and anguish. Further, as a result of Defendants', UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, Inclusive, and each of their, negligent acts and/or omissions, as alleged herein above, Plaintiff, JOSUE PENA, suffered a loss of consortium, which includes, but is not limited to, the past, present and future loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support by/of Plaintiff, GINA LIZETTE MURILLO, the wife of Plaintiff, JOSUE PENA.

11. Plaintiffs are informed and believe and based thereon allege that at all times mentioned herein, Defendants, UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, Inclusive, and each of them, was/were the registered owner(s) of the vehicle that was driven by, used by, operated by, utilized by and/or leased to Joseph Jelo Rodrigo Tapang on the Subject Date and during the subject incident.

12. Plaintiffs are informed and believe and based thereon allege that on or about May 15, 2023, Defendants, UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, Inclusive, and each of them, negligently and carelessly granted permission to Joseph Jelo Rodrigo Tapang to use, drive, operate, utilize and/or borrow the Subject Vehicle.

//

13. Further, Plaintiffs are informed and believe and based thereon allege that on the Subject Date and at the time of the subject incident, Joseph Jelo Rodrigo Tapang was acting within the course and scope of employment or agency with Defendants, UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, inclusive, and each of them, wherein Joseph Jelo Rodrigo Tapang was a permissive user of the Subject Vehicle while traveling at or near the Subject Location negligently, carelessly, recklessly and unlawfully so as to cause it to travel at an unsafe speed, be distracted and/or not pay attention to the road or traffic and/or follow too close based on the conditions of the road and traffic, and violently collide with and/or rear end Plaintiffs' vehicle, thereby causing severe injuries and damages to Plaintiffs.

14. As a direct and legal (proximate) result of owning the Subject Vehicle, Defendants, UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, inclusive, and each of them, is/are liable and responsible for the injuries and/or damages to person(s) and/or property resulting from a negligent or wrongful act in the operation of the Subject Vehicle by any permissive user. Joseph Jelo Rodrigo Tapang breached his duty when he negligently, carelessly, recklessly, wantonly and/or unlawfully drove, operated and/or controlled the Subject Vehicle on the Subject Date.

15. As a direct and legal (proximate) result of its ownership of the express permission granted to Joseph Jelo Rodrigo Tapang, Defendants, UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, inclusive, and each of them, is/are liable and responsible for the injuries and/or damages sustained by the Plaintiffs.

16. Moreover, Plaintiffs are informed and believe and based thereon allege that on or before May 15, 2023, Defendants, UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, inclusive, and each of them, negligently hired, contracted, trained, supervised, retained, engaged, employed and/or managed Joseph Jelo Rodrigo Tapang. Further, Defendants, UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, inclusive, and each of them, knew, or in the

exercise of reasonable diligence should have known, that Joseph Jelo Rodrigo Tapang herein was negligent, careless, and/or reckless drivers, prone to violate various laws.

17.    As a direct consequence of the acts or omissions of said Defendants, and each of them, alleged herein, Plaintiffs incurred special damages, consisting of, but not limited to, bodily injury, medical expenses, loss of earnings, loss of earning capacity, property damage, loss of use, diminution in value and other related expenses and special economic damages, as well as general damages for pain, anguish, distress and suffering, and continuing to suffer in the present. Additionally, and as a direct result and consequence of the injuries and damages suffered by the Plaintiffs as alleged herein, Plaintiffs will in the future suffer special damages consisting of, but not limited to, bodily injury, medical expenses, loss of earnings and loss of earning capacity, property damage, and loss of use, as well as general damages for future pain, anguish, distress and suffering.

18.    Pursuant to 28 U.S.C. § 2675(a), the claim set forth herein was presented to the UNITED STATES AIR FORCE. On April 21, 2025, Plaintiff GINA LIZETTE MURILLO submitted a claim for $545,000.00 based on the allegations herein to the UNITED STATES AIR FORCE for administrative settlement. On April 22, 2025, Plaintiff JOSUE PENA submitted a claim for $250,000.00 based on the allegations herein to the UNITED STATES AIR FORCE for administrative settlement. As of October 23, 2025, Plaintiff GINA LIZETTE MURILLO has not received any response with respect to her claim submitted on April 21, 2025, and therefore constitutes a failure to make a final disposition of her claim pursuant to 28 U.S.C. § 2675(a). As of October 23, 2025, Plaintiff JOSUE PENA has not received any response with respect to his claim submitted on April 22, 2025, and therefore constitutes a failure to make a final disposition of his claim pursuant to 28 U.S.C. § 2675(a). Accordingly, Plaintiffs has complied with the requirements of the Federal Tort Claims Act for the timely filing of claims. Such claim having been denied, Plaintiffs hereby institutes the present lawsuit.

//

**FIRST CAUSE OF ACTION**

**Liability Pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), and 2671 et seq.; California Government Code §§815.2, 815.4, 815.6, 820, 905 and 945, and Various California Statutes**

**(Against ALL Named and Doe Defendants, and each of them)**

19.     Plaintiffs re-allege and incorporate by this reference each and every allegation in the foregoing paragraphs as though fully set forth herein.

20.     Plaintiffs are informed and believe and based thereon allege that on or about May 15, 2023 (hereafter referred herein as the "Subject Date"), Plaintiff, GINA LIZETTE MURILLO, was in a motor vehicle that was stopped facing northbound on Balboa Boulevard, at or near Parthenia Street, City of Northridge, County of Los Angeles, State of California (hereafter referred herein as "Subject Location" or "Subject Area"); that on the Subject Date, Defendants, UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, Inclusive, and each of them, so carelessly and negligently owned, operated, entrusted, leased, repaired, serviced, modified, maintained and/or controlled a motor vehicle, a United States Air Force vehicle, a silver 2015 Ford F350 pickup truck (hereafter referred herein as "Defendants' vehicle" or "Subject Vehicle"), so as to cause it to travel at an unsafe speed, be distracted and/or not pay attention to the road or traffic and/or follow too close based on the conditions of the road and traffic, and violently collide with and/or rear end Plaintiffs' vehicle, causing Plaintiffs' vehicle to collide into the vehicle ahead of Plaintiffs' vehicle, thereby causing severe injuries and damages to Plaintiff, GINA LIZETTE MURILLO.

21.     As a direct and legal (proximate) cause of Defendants', UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, Inclusive, and each of their, negligent acts and/or omissions, as alleged herein above, Plaintiff, GINA LIZETTE MURILLO, suffered severe and permanent physical and bodily injuries, received medical treatment for her injuries and damages, and was treated for those injuries and damages by various health care providers, incurred medical, hospital, other

related special economic damages, as well as past, present and future general damages for her pain, suffering and anguish. Further, as a result of Defendants', UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, Inclusive, and each of their, negligent acts and/or omissions, as alleged herein above, Plaintiff, JOSUE PENA, suffered a loss of consortium, which includes, but is not limited to, the past, present and future loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support by/of Plaintiff, GINA LIZETTE MURILLO, the wife of Plaintiff, JOSUE PENA.

22.    Plaintiffs are informed and believe and based thereon allege that at all times mentioned herein, Defendants, UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, Inclusive, and each of them, was/were the registered owner(s) of the vehicle that was driven by, used by, operated by, utilized by and/or leased to Joseph Jelo Rodrigo Tapang on the Subject Date and during the subject incident.

23.    Plaintiffs are informed and believe and based thereon allege that on or about May 15, 2023, Defendants, UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, Inclusive, and each of them, negligently and carelessly granted permission to Joseph Jelo Rodrigo Tapang to use, drive, operate, utilize and/or borrow the Subject Vehicle.

24.    Further, Plaintiffs are informed and believe and based thereon allege that on the Subject Date and at the time of the subject incident, Joseph Jelo Rodrigo Tapang was acting within the course and scope of employment or agency with Defendants, UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, inclusive, and each of them, wherein Joseph Jelo Rodrigo Tapang was a permissive user of the Subject Vehicle while traveling at or near the Subject Location negligently, carelessly, recklessly and unlawfully so as to cause it to travel at an unsafe speed, be distracted and/or not pay attention to the road or traffic and/or follow too close based on the conditions of the road and traffic, and violently collide with and/or rear end Plaintiffs' vehicle, thereby causing severe injuries and damages to Plaintiffs.

25. As a direct and legal (proximate) result of owning the Subject Vehicle, Defendants, UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, inclusive, and each of them, is/are liable and responsible for the injuries and/or damages to person(s) and/or property resulting from a negligent or wrongful act in the operation of the Subject Vehicle by any permissive user. Joseph Jelo Rodrigo Tapang breached his duty when he negligently, carelessly, recklessly, wantonly and/or unlawfully drove, operated and/or controlled the Subject Vehicle on the Subject Date.

26. As a direct and legal (proximate) result of its ownership of the express permission granted to Joseph Jelo Rodrigo Tapang, Defendants, UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, inclusive, and each of them, is/are liable and responsible for the injuries and/or damages sustained by the Plaintiffs.

27. Moreover, Plaintiffs are informed and believe and based thereon allege that on or before May 15, 2023, Defendants, UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, inclusive, and each of them, negligently hired, contracted, trained, supervised, retained, engaged, employed and/or managed Joseph Jelo Rodrigo Tapang. Further, Defendants, UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, inclusive, and each of them, knew, or in the exercise of reasonable diligence should have known, that Joseph Jelo Rodrigo Tapang herein was negligent, careless, and/or reckless drivers, prone to violate various laws.

28. Further, Plaintiffs are informed and believe and thereon allege that with respect to the Defendants that are governmental entities, this claim arises from and is authorized by various codes, including, but not limited to, California Government Code §815.2, 815.4, 815.6, 820 and 905; California Vehicle Code §§17001, 21703 and 22350 et seq.; and California Civil Code §§1708 and 1714. It is also noteworthy that this claim arises from and is authorized by the California Government Claims Act and California Government Code §945. Furthermore, Plaintiffs satisfied the claim requirements of the Federal Tort Claims Act.

29.    As to the Defendants who are governmental entities, this cause of action flows out of California Government Code §§815.2, 815.4, 815.6, 820, 905 and 945 and is based on all of the aforementioned facts.

30.    Pursuant to Government Code § 815.2, subd. (a), public entity(ies) Defendants, UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, inclusive, and each of them, is/are vicariously liable for the tortious acts and omissions of its employees, including Joseph Jelo Rodrigo Tapang, committed within the scope of their employment because said acts occurred under circumstances in which the employees would be personally liable for the conduct.

31.    The Tort Claims Act (Government Code § 810 et seq.) expressly denies a public entity the power to enact an ordinance abridging its statutory liabilities or expanding its statutory immunities (Government Code §§ 811.2, 811.8, 815). Furthermore, an employee of a public entity is liable for his torts to the same extent as a private person [Government Code § 820, subd. (a)], and the public entity is vicariously liable for any injury which its employee causes [Government Code § 815.2, subd. (a)] to the same extent as private employer [Government Code § 815, subd. (b)].

32.    According to Government Code § 945. Public entity's right to sue and liability to suit, *"A public entity may* sue and be sued."

33.    California Vehicle Code § 17001 is a state statutory exception to Government Code §§810, 815 as is also Government Code §815.2 (a).

34.    According to California Vehicle Code §17001. Liability of public entity, "A public entity is liable for death or injury to person or property proximately caused by a negligent *or wrongful act* or omission in the operation of any motor vehicle by an employee of the public entity acting within the scope of his employment." According to Government Code §815.2 (a), "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."

35. California Vehicle Code §21703 states that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon, and the condition of, the roadway."

36. Further, California Vehicle Code §22350 states that "No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property."

37. According to Government Code §815.6. Liability on failure to discharge statutory duty, "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

38. According to California Civil Code §1708, "Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his or her rights."

39. California Civil Code §1714 (a) provides in part, "Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself."

40. Defendants did violate the aforementioned statutes.

41. Defendants', UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, inclusive, and each of their, violations of the above statutes is negligence per se and directly and legally (proximately) did cause Plaintiffs to suffer damages. Plaintiffs' damages resulted from an occurrence the nature of which the statutes stated above were designed to prevent. Plaintiffs are a member of the class of persons for

Complaint for Damages and Demand for Jury Trial

whose protection the statutes were adopted.

42.    These statutes suggest mandatory, or obligatory duties. These statutes do not suggest merely passive, discretionary or permissive acts. Therefore, Government Code § 815.6 applies and defendants are bound by law to comply. Immunity does not apply to shield defendants from obligatory, mandatory laws.

43.    Further, Plaintiffs alleges that on the Subject Date, Joseph Jelo Rodrigo Tapang was acting within the course and scope of his employment and that his negligent acts or omissions at the time resulted in the subject incident and caused Plaintiffs' injuries and damages, as such, the actions or omissions of employees, agents, representatives, servants, officers, directors and/or managers of Defendants, UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, inclusive, and each of them, on the Subject Date are attributable to their respective Defendant employers via the doctrine of respondeat superior.

44.    As a direct consequence of the acts or omissions of Defendants, UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, Inclusive, and each of them, as alleged herein, Plaintiff GINA LIZETTE MURILLO incurred special damages, consisting of, but not limited to, bodily injury, medical expenses, loss of earnings, loss of earning capacity, property damage, loss of use, diminution in value and other related expenses and special economic damages, as well as general damages for pain, anguish, distress and suffering, and continuing to suffer in the present. Additionally, and as a direct result and consequence of the injuries and damages suffered by the Plaintiff GINA LIZETTE MURILLO as alleged herein, Plaintiff GINA LIZETTE MURILLO will in the future suffer special damages consisting of, but not limited to, bodily injury, medical expenses, loss of earnings and loss of earning capacity, property damage, and loss of use, as well as general damages for future pain, anguish, distress and suffering.

45.    Further, as a direct and legal (proximate) result of the negligence of the above named Defendants, and each of them, Plaintiffs GINA LIZETTE MURILLO was

hurt and injured in her health, strength and activity, sustaining injuries to body and shock and injuries to the nervous system and person, all of which injuries have caused, and continue to cause, Plaintiffs GINA LIZETTE MURILLO great mental, physical and nervous pain and suffering, in an amount in excess of the jurisdictional minimum of this Court.

46.    Moreover, as a further and direct and legal (proximate) result of the negligence of the Defendants, Plaintiffs GINA LIZETTE MURILLO was required to, and did, incur medical and incidental expenses thereby. The exact amount of such expenses is presently unknown to Plaintiffs GINA LIZETTE MURILLO. Plaintiffs will seek leave of Court to amend this Complaint to set forth the exact amount thereof when the same has been ascertained.

47.    Furthermore, Plaintiffs are informed and believe, and thereon allege, that as a direct and legal (proximate) result of the negligence of the Defendants, and each of them, Plaintiffs GINA LIZETTE MURILLO will, for a period of time in the future, be required to employ physicians and incur additional medical and incidental expenses thereby. The exact amount of such expenses is presently unknown to Plaintiffs and Plaintiffs will seek leave of Court to amend this Complaint to set forth the exact amount thereof when the same has been ascertained.

48.    At the time of the above-mentioned incident, Plaintiffs GINA LIZETTE MURILLO was employed. As a further and direct and legal (proximate) result of the negligence of Defendants, Plaintiffs GINA LIZETTE MURILLO was unable to attend his usual employment and has lost income. The exact amount of such damages is presently unknown to Plaintiffs and Plaintiffs will seek leave of court to amend this complaint to set forth the exact amount thereof when the same has been ascertained.

49.    Moreover, Plaintiffs are informed and believe, and thereon allege, that as a direct and legal (proximate) result of the negligence of the Defendants, and each of them, that as the direct and legal (proximate) result of the negligence of the Defendants, and each of them, Plaintiffs GINA LIZETTE MURILLO will, for a period of time in the

future, be unable to attend and/or obtain gainful employment or that her ability to obtain gainful employment is diminished and/or their earning capacity has been diminished. The exact amount of such losses is presently unknown to Plaintiffs. Plaintiffs will seek leave of Court to amend this Complaint to set forth the exact amount thereof when the same has been ascertained.

50. Lastly, as a direct and legal (proximate) cause of Defendants', UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, Inclusive, and each of their, negligent acts and/or omissions, as alleged herein above, Plaintiff, GINA LIZETTE MURILLO, suffered severe and permanent physical and bodily injuries, received medical treatment for her injuries and damages, and was treated for those injuries and damages by various health care providers, incurred medical, hospital, other related special economic damages, as well as past, present and future general damages for her pain, suffering and anguish. Further, as a result of Defendants', UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, Inclusive, and each of their, negligent acts and/or omissions, as alleged herein above, Plaintiff, JOSUE PENA, suffered a loss of consortium, which includes, but is not limited to, the past, present and future loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support by/of Plaintiff, GINA LIZETTE MURILLO, the wife of Plaintiff, JOSUE PENA.

## SECOND CAUSE OF ACTION

### Negligent Hiring, Training and Supervision

**(Against ALL Named and Doe Defendants, and each of them)**

51. Plaintiffs re-allege and incorporate by this reference each and every allegation in the foregoing paragraphs as though fully set forth herein.

52. At all times relevant hereto, Defendants, UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, Inclusive, and each of them, owed Plaintiffs a duty to exercise reasonable care to screen, hire, train, and

Complaint for Damages and Demand for Jury Trial

supervise employees, including Joseph Jelo Rodrigo Tapang, so as to avoid and protect Plaintiffs from employee conduct that would cause Plaintiffs physical injury mental pain and anguish, economic loss, and damage to their property.

53.    At all times relevant hereto, Joseph Jelo Rodrigo Tapang and/or Defendants, UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, Inclusive, and each of them, failed to act and acted in a negligent manner in breach of their duty of care owed to Plaintiffs.

54.    As a direct and legal (proximate) cause of Defendants', UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, Inclusive, and each of their, negligent acts and/or omissions, as alleged herein above, Plaintiff, GINA LIZETTE MURILLO, suffered severe and permanent physical and bodily injuries, received medical treatment for her injuries and damages, and was treated for those injuries and damages by various health care providers, incurred medical, hospital, other related special economic damages, as well as past, present and future general damages for her pain, suffering and anguish.  Further, as a result of Defendants', UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, Inclusive, and each of their, negligent acts and/or omissions, as alleged herein above, Plaintiff, JOSUE PENA, suffered a loss of consortium, which includes, but is not limited to, the past, present and future loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support by/of Plaintiff, GINA LIZETTE MURILLO, the wife of Plaintiff, JOSUE PENA.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury in this action of all issues so triable.

//

//

//

Complaint for Damages and Demand for Jury Trial

**WHEREFORE**, Plaintiffs, GINA LIZETTE MURILLO and JOSUE PENA, pray for Judgment against the Defendants, UNITED STATES OF AMERICA; UNITED STATES AIR FORCE; and Does 1 to 100, Inclusive, and each of them, as follows:

1.    General damages for past, present and future pain, distress, anguish and suffering, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life;

2.    Special damages, including, but not limited to, past, present and future medical expenses; property damage, diminution in value and loss of use;

3.    For loss of earnings and loss of earning capacity;

4.    For extreme and severe mental suffering, anguish, anxiety, humiliation and emotional distress, and injury to mind and body;

5.    For past, present and future loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support;

6.    For any physical impairment or disfigurement;

7.    For costs and expenses of suit incurred herein;

8.    For prejudgment interest; and

9.    For such other and further relief as the Court deems just and proper.

Dated: October **23**, 2025          COHEN & MARZBAN, Law Corporation

_____
ARYA AZIZI, ESQ.
Attorneys for Plaintiffs,
GINA LIZETTE MURILLO and
JOSUE PENA

16

Complaint for Damages and Demand for Jury Trial